UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| DONNY NELSON | : | Case No.:_____ |
| | : | |
| Plaintiff, | : | **CIVIL ACTION** |
| | : | |
| -against- | : | |
| | : | |
| PINNACLE FINANCIAL GROUP | : | **COMPLAINT AND** |
| | : | **DEMAND FOR JURY TRIAL** |
| Defendant. | : | |
| | : | |

## JURISDICTION

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.  This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and their agents in its illegal efforts to collect a consumer debt from Plaintiffs.

3.  Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendants transact business here.

## PARTIES

4.  Plaintiff is a natural person who at all relevant times has resided in the City of Bedias, Grimes County, State of Texas.

5.  Defendant is a company doing business in the State of Minnesota, with a principal address of 7825 Washington Ave South, Suite 410, Minneapolis. The principal purpose of

1

Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## FACTUAL ALLEGATIONS

6.  On or about June 6, 2013, Plaintiff Donny Nelson was contact by Defendant Pinnacle Financial in order to collect a debt from a person by the name of Rebecca Lee.

7.  Plaintiff, at once, informed Defendant that he did not know nor have any relation to Rebecca Lee, the individual Defendant was attempting to locate.

8.  Since the date of June 6, 2013, Defendant Pinnacle contacted Plaintiff in its effort to collect on a debt, a total of *twenty three times* after being put on notice, that Plaintiff did not know Rebecca Lee.

9.  Notwithstanding the above, and continuing through July 30, 2013, Defendant contacted Plaintiff on the following dates:  June 27th, twice, June 28th, June 29th, June 30th, thrice, July 3rd, twice, July 8th twice, July 11th, July 12th thrice, July 16th, July 17th twice, July 18th, thrice, July 23rd, and finally on July 30th.

10.  These calls were made by the Defendant to Plaintiff's cellular telephone multiple times per week, using an automatic telephone dialing system and/or an artificial or prerecorded voice to coerce payments of a debt with the intent to annoy, abuse, and harass such persons contacted.

11.  Plaintiff attempted to call back the number that appeared on his device to once again inform Defendant Pinnacle that he was not Rebecca Lee, however, Plaintiff could only reach a recording informing him that he may leave a message in an electronic voice.

12. Defendant knew or should have known that its actions violated the TCPA. Additionally, Defendant could have taken steps necessary to bring its action into compliance with the TCPA, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

13. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

14. Defendant initiated a myriad of telephone calls using an automatic telephone dialing system and/or an artificial or prerecorded voice to Plaintiff's cellular telephone.

15. Defendant initiated these automated calls to Plaintiff's cellular telephones using an automated telephone dialing system, which had the capacity to store or produce telephone numbers using random or sequential number generator as defined by §227(a)(1) of the TCPA.

16. Defendant violated the TCPA. Defendants' violations include, but are not limited to, violations of 47 U.S.C. §227(b)(1)(A)(iii), 47 U.S.C. §227(b)(1)(B), 47 U.S.C. §227(d)(1)(A), and 47 C.F.R. § 64.1200 *et.seq*. as evidenced by the following conduct:

(a) Initiating telephone calls to Plaintiff's cellular telephone using artificial or prerecorded voices to deliver messages without Plaintiff's express consent; and

(b) Initiating telephone calls to Plaintiffs using an automated telephone dialing system that was not in compliance with the technical and procedural standards prescribed by the TCPA.

17. Defendant's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiffs to pay the debt.

18. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, express consent from the Plaintiff, lawful right, legal defense, legal justification or legal excuse.

19. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

## COUNT 2

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The foregoing actions and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including but not limited to; 15 U.S.C. § 1692k(b)(3); 15 U.S.C. § 1692k(d)(5); 15 U.S.C. § 1692k(e)(10); and 15 U.S.C. § 1692k(f)(1).

22. As a result of each and every Defendant's violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## COUNT 3

## VIOLATIONS OF TEXAS STATE LAW

Cause of Action for Violation of the Texas Finance Code — Consumer Protection Act

23. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Defendant Pinnacle is liable to the Plaintiff for violating the Texas Finance Code – Consumer Protection Act. The foregoing actions and omissions of each and every Defendant and their agents constitute violations of the Texas Finance Code including but not limited to; Title V, Chapter 392.302(4).

Cause of Action for Violation of the Texas Deceptive Trade Practices — Consumer Protection Act

24. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Defendant Pinnacle is liable to the Plaintiff for violating the Texas Deceptive Trade Practices – Consumer Protection Act (hereinafter the "DTPA"). Defendant Pinnacle violated the DTPA by committing an unconscionable action or course of action. Defendant Pinnacle's acts constituted a producing cause of economic damages and/or damages for mental anguish. The Plaintiff also seeks additional damages available under the DTPA.

Cause of Action for Unreasonable Collection Efforts

25. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Defendant Pinnacle is liable to the Plaintiff for its unreasonable collection efforts. The Plaintiff has a right to be free from unreasonable and wrongful collection efforts. *See, e.g., Moore v. Savage*, 359 S.W.2d 95 (Tex. Civ. App.—Waco 1962, writ ref'd n.r.e). Defendant Pinnacle's collection efforts were unreasonable and wrongful. Defendant Pinnacles unreasonable collection efforts proximately caused the Plaintiff to suffer injury, including but not necessarily limited to humiliation and mental anguish.

Cause of Action for Invasion of Privacy (Intrusion on Seclusion)

26. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Defendant Pinnacle is liable to the Plaintiff for invading the Plaintiff's privacy (intrusion on seclusion). Defendant Pinnacle intentionally intruded on the Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person. The Plaintiff suffered injury as a result of Defendant Pinnacle's intrusion.

Exemplary Damages

27.	Exemplary damages should be awarded against Defendant Pinnacle because the harm with respect to which the Plaintiff seeks recovery of exemplary damages resulted from malice (which means that there was a specific intent by Defendant Pinnacle to cause substantial injury or harm to the Plaintiff), and/or gross negligence (which means that Defendant Pinnacle's acts and/or omissions (i) when viewed objectively from Defendant Pinnacle's standpoint at the time of the acts and/or omissions involved an extreme degree of risk, considering the probability and magnitude of potential harm to others and (ii) were such that Defendant Pinnacle had an actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others).

## JURY TRIAL DEMAND

28.	Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

## COUNT 1

## VIOLATION OF THE TELEPHONE CONSUMER PRACTICES ACT

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

a)	Statutory damages;

b)	Actual damages;

c)	Treble damages;

d)	Punitive damages;

7

e)  Costs and reasonable attorney's fees; and

f)  Such other and further relief as may be just and proper.

## COUNT 2

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

**WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:**

a) for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for each Plaintiff;

b) for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for each Plaintiff;

c) for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for each Plaintiff; and

d) for such other and further relief as may be just and proper.

## COUNT 3

## VIOLATIONS OF TEXAS STATE LAW

For these reasons, the Plaintiff asks that the Defendants be cited to appear and answer, and that the Plaintiff have judgment for damages within the jurisdictional limits of the court and against the Defendants, jointly and severally, as legally applicable, for:

a)  actual damages;

b)  any statutory damages;

c)  exemplary damages (including DTPA "additional" damages);

d)  pre-judgment and post-judgment interest at the highest legal rate;

e)  legally-available reasonable and necessary attorneys' fees;

f)  costs;

g)  a permanent injunction against Pinnacle enjoining it from committing the unlawful conduct described in this petition; and

h)  all other relief, general and special, legal and equitable, to which the Plaintiff is entitled.

Dated:                                       The Law Offices of Michael Lupolover
                                             180 Sylvan Street, 2nd Floor
                                             Englewood Cliffs, New Jersey 07632
                                             Phone: (201)-461-0059
                                             Fax: (201)-608-7116


                                             By:_____
                                             Seth P. Crosland
                                             TX Bar No. 2409551